IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEVIN GIBSON, Inmate #N74818,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **CIVIL NO. 06-056-MJR** |
| **ROGER E. WALKER, SHELTON FREY,** ) | |
| **SHERRY BENTON, LESLIE MARKEL,** ) | |
| **MARVIN POWERS, TERRY CALIPER,** ) | |
| **and LT. CLARK,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is subject to summary dismissal for failure to state a claim.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against unspecified defendants for exposing him to tobacco smoke.

**COUNT 2:** Against unspecified defendants for denying him medical treatment.

## COUNT 1

Plaintiff states that unspecified defendants have exposed him to environmental tobacco smoke, in violation of the Eighth Amendment. He states that staff members are allowed to smoke in inmate areas, and due to the lack of windows and fresh air, inmates are exposed to secondhand smoke "nearly 24 hours a day."

## COUNT 2

Plaintiff states that unspecified defendants have acted with deliberate indifference to his serious medical needs by denying him medical treatment for his complaints of chest pain, in violation of the Eighth Amendment.

## LEGAL STANDARDS

Plaintiff has failed to state a claim on either of these counts, because he has failed to specify by name any defendants personally responsible for denying his constitutional rights. The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their

complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant in the caption of the complaint is insufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Although Plaintiff lists seven defendants in the caption of the complaint, he has not specified which individual defendants were personally responsible for exposing him to tobacco smoke or for denying him medical treatment. Without this crucial element, Plaintiff has failed to state a claim section 1983, pursuant to which he must show that a person acting under color of state law deprived him of a constitutional right. *See West v. Atkins*, 487 U.S. 42, 49 (1988). As such, Plaintiff has failed to state a claim on either count.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED this 1st day of March, 2007.**

                                                  **s/ Michael J. Reagan**
                                                  **MICHAEL J. REAGAN**
                                                  **United States District Judge**